## Robert Griffin, Appellee, v. Yontz Bonnett, Appellant.

1. Covenants, § 19*—*when grantee liable for improvements under terms of existing lease.* A grantee of a lessor who, by the terms of a lease, had agreed to pay the lessee, on the expiration of the term, the value of certain improvements to be put upon the premises by the lessee, and also for grain raised by such lessee at a certain stipulated price, *held* liable for the value of such improvements at the expiration of a renewal of the lease made by him to such lessee and for the stipulated price of the grain raised by the lessee, after the grantee's purchase of the premises.

2. Appeal and error, § 1769*—*when judgment affirmed upon entering remittitur.* In an action in assumpsit, a judgment entered on a verdict awarding an amount on an item in excess of the amount claimed thereon in a count filed with the declaration was ordered affirmed on condition that the plaintiff remit such excess.

Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the October term, 1915. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed June 10, 1916.

W. W. Whitmore and Oglevee & Franklin, for appellant.

James L. Loar, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

This is a suit in assumpsit begun in January, 1915, by Robert Griffin against Yontz Bonnett. The declaration contains two special counts and the common counts. The first special count avers that in January, 1911, a lease in writing was made by the terms of which one Julius Funk, agent of George W. Funk, leased to Robert Griffin, plaintiff, one hundred and sixty acres of land from March 1, 1911, to February 28, 1914, on which Griffin was to raise corn, all of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which the landlord was to take and for which he agreed to pay the tenant seventeen cents per bushel for all the corn raised, except the corn on twenty acres of which each party was to have one-half; that Griffin was to furnish at his own expense a house and such other outbuilding as may be necessary for his use, and Funk agreed on the termination of the lease to purchase such improvements on an equitable basis to be decided by appraisement; that in pursuance of the agreements in the lease plaintiff erected a house on said leased premises of the value of $795; that in May, 1912, Bonnett purchased the premises from Funk and as a part of the purchase price accepted the terms and conditions of the lease and agreed to abide by its terms; that plaintiff complied with the terms of the lease on his part, has had said improvements appraised at $795 and has demanded payment of defendant and he refuses to pay.

The second count contains a further averment that, prior to the expiration of said lease, the defendant renewed and extended it from March 1, 1914, to March 1, 1915, and agreed at its expiration to pay the plaintiff the value of said improvements in consideration of his remaining on said premises for the extended period.

The *ad damnum* in the original declaration was $1,129. After the verdict was returned, leave was given to amend by interlineation to increase the *ad damnum* in $1,275. The declaration was not amended. The defendant filed a plea of the general issue, and three pleas to the special counts, setting up the Statute of Frauds, that the agreement was not in writing and (1) was not to be performed within a year; (2) was an agreement for the sale of lands; and (3) was a promise to answer for the debt of another.

Issues were joined on the pleas and a trial was had before a jury, which returned a verdict that the plaintiff is entitled to recover of the defendant $1,275, made up of $735 for improvements, $300 balance due for

corn in 1913, and $240 balance due for corn in 1914. The court overruled a motion for a new trial, and rendered judgment for the plaintiff for $1,275. The defendant prosecutes this appeal.

The principal contention of appellant is that the agreement in the lease, between Funk and appellee, under which Funk was at the termination of the lease to purchase, on an equitable basis to be decided by appraisement, the improvements put on the leased land by appellee, is not a covenant that runs with the land and that there can be no recovery against appellant, by virtue of the covenant, for the improvements. The appellee insists that under section 15 of the Landlord and Tenant Act (J. & A. ¶ 7053) enacted in 1873, which provides: ''The lessees of any lands, their assigns or personal representatives, shall have the same remedy, by action or otherwise, against the lessor, his grantees, assignees or his or their representatives, for any breach of any agreement in such lease, as such lessee might have had against his immediate lessor; Provided, this section shall have no application to the covenants against incumbrances, or relating to the title or possession of the premises demised,'' that appellant, as the grantee of the lessor of appellee, is liable for the value of the house and other outbuildings erected by appellee on the leased premises under the covenant in the lease. The trial court, in the instructions given for appellee, adopted his theory and instructed the jury that if the appellant purchased the land from the lessor before the termination of the lease and appellee remained in possession of the demised premises the entire term of said lease, and that if appellant has now and has had since his purchase the title of said land, and is the grantee of appellee's lessor, then appellee is entitled to recover the reasonable value of said improvements. The Supreme Court of this State has recently reviewed a similar provision in a lease and the construction to be given to section

15 of the Statute, and held, that a grantee of a landlord, during the existence of a lease, is liable to a lessee for improvements made under such a covenant in a lease, where the covenant in the lease provided for improvements which are essential for the enjoyment of the property for the purpose for which it is leased. *Purvis v. Shuman,* 273 Ill. 286. The admitted facts bring the case within the terms of the statute, and there was no error in the rulings of the court on instructions.

The only other question presented for review by appellant is the claim that the great preponderance of the evidence shows that the amounts found to be due on the different items are excessive and that there had been a settlement between the parties, and appellee was not entitled to recover anything for corn raised. While the evidence tends to show a full settlement for the corn, the evidence leaves the claim for the $300 for the year 1913 in such doubt that we cannot say that that part of the verdict cannot be sustained.

In the declaration as originally filed and appellee's statement of account on which the suit was tried, appellee claimed $795 for improvements and only $325 due for raising corn. Appellee in his evidence claimed $300 for corn raised in 1913, $25 for wheat, $7.70 for labor and $123 for corn raised in 1914. The verdict returned found $540 to be due to appellee for raising corn, a sum clearly in excess of the amount claimed by appellee in his evidence and in his statement of the account filed with the declaration. The appellee should be held to the amount claimed to be due in his statement of the account. If the appellee enters a remittitur of $215 within five days, the judgment will be affirmed in the sum of $1,061 at the cost of appellee. Otherwise, it will be reversed and remanded because it is excessive.

*Affirmed on remittitur; otherwise reversed and remanded.*